# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4789 | **DATE** | 8/31/2010 |
| **CASE TITLE** | Metyk vs. Belle-Aire Fragrances, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file amended complaint [11] is granted. Plaintiff's motion to remand to state court [12] is granted. This action is remanded to the Circuit Court of Lake County, Illinois.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 17, 2010, plaintiff filed suit in the Circuit Court of Lake County, alleging claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*. Defendant removed the action to this court on July 30, 2010, based on plaintiff's claim that defendant had violated the ADEA, a federal statute. See 28 U.S.C. §§ 1331, 1441. Defendant filed an answer to the complaint on August 6, 2010.

On August 19, 2010, plaintiff filed a motion for leave to file an amended complaint, in which he seeks to remove the ADEA allegations. The Court notes that plaintiff was not required to seek leave of court to file his amended complaint, since he sought to amend the complaint within 21 days after defendant filed its answer. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading . . . ."). In any event, the Court must "freely" give a plaintiff leave to amend a complaint "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The motion for leave to file an amended complaint is granted.

Based on his elimination of the federal law allegations, plaintiff also filed a motion to remand this action to state court. Plaintiff's remaining claim is a state-law claim against a non-diverse defendant. Although the Court could continue to exercise supplemental jurisdiction over the state-law claim, it may exercise its discretion to decline supplemental jurisdiction, and remand the case to state court. See 28 U.S.C. § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Indeed, where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court *should* decline the exercise of jurisdiction." Carnegie-Mellon Univ., 484 U.S. at 350 (emphasis added).

Defendant urges the Court to deny plaintiff's motion to remand because plaintiff amended his complaint solely for the purpose of manipulating the judicial process. In determining whether to exercise

| STATEMENT |
|---|

supplemental jurisdiction over state-law claims, the Court weighs factors such as judicial economy, convenience, fairness, and comity. See <u>Wright v. Assoc. Ins. Cos. Inc.</u>, 29 F.3d 1244, 1251 (7th Cir. 1994). Here, although it appears that plaintiff amended his complaint in an effort to return to state court, the Court finds that the balance of factors favors remand, particularly given that this case is in the earliest stage of litigation. Accordingly, the Court declines to exercise jurisdiction over the remaining state-law claims. Plaintiff's motion to remand is granted.

*/s/ George W. Lindberg*